UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 09-274 |
| RAYMOND MOTEN | SECTION: "J" (1) |

## **ORDER**

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 71)** filed by Defendant, Raymond Moten. Defendant specifically requests that the Court reconsider its Order **(Rec. Doc. 73)** denying Defendant's motion seeking copies of complete docket entries, sentencing memoranda, and sentencing transcripts at no cost. Although Defendant's original motion **(Rec. Doc. 71)** indicated that he was "attempting to exercise [his] constitutional right to challenge the imposition of his sentence," Defendant now suggests that he merely seeks to "completely understand the terms of his sentence conditions and probation obligations" and "does not seek to challenge constitutional claims of any proceedings before the Courts." **(Rec. Doc. 74)**. In support of his motion, Defendant cites to 28 U.S.C. § 2250, which provides that "[i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

1

28 U.S.C. § 2250. However, Defendant's motion to vacate pursuant to 28 U.S.C. § 2250 was denied by Judge Berrigan on August 6, 2014. (Rec. Doc. 65). Additionally, this Court denied Defendant's motion to modify the terms of his supervised release pursuant to 18 U.S.C. § 3583(e)(2) on June 9, 2017. (Rec. Doc. 70). Defendant has no pending dispositive motions currently before the Court.

Whether to order copies under § 2250 rests within the sound discretion of the Court. However, "[a] federal prisoner is not entitled to obtain copies of court records at Government's expense for the purpose of searching the record for possible error." *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (citations omitted); *see also United States v. Watson*, No. 02-30604, 2003 WL 1109766, at *1 (5th Cir. Feb. 19, 2003) (holding that petitioners are "not entitled to conduct a 'fishing expedition' to locate possible errors").

Here, Defendant seeks copies of complete docket entries, sentencing memoranda, and sentencing transcripts so that he may "completely understand the terms of his sentence conditions and probation obligations." While this explanation specifies how he intends to use the records sought, Defendant has still failed to make a showing of indigency. Based on the foregoing, the Court concludes that Defendant is not entitled to free copies at the Government's expense.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana this 26th day of March, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE